## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7528 | **DATE** | 1/22/2013 |
| **CASE TITLE** | Sullivan et al vs. Alcatel-Lucent USA, Inc. | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's motion to dismiss [17]. Status hearing set for 2/20/13 is stricken and reset to 2/4/13 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs John P. Sullivan ("Sullivan") and Helm & Wagner ("Helm") (collectively, "Plaintiffs") filed a three-count amended complaint against Defendant Alcatel-Lucent USA, Inc. ("Lucent") alleging breach of contract, anticipatory breach of contract, and, in the alternative, unjust enrichment. (R. 14, Amend. Compl.) Before the Court is Defendant's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (R. 17, Mot.) For the following reasons, the Court denies the motion.

## BACKGROUND

Plaintiffs allege the following facts, which the Court deems true for purposes of this motion.

Plaintiff John Sullivan is an attorney and Plaintiff Helm & Wagner is a partnership of licensed attorneys. (Amend. Compl. ¶¶ 1-2.) On or about March 8, 2011, Sullivan and Helm entered into a contingent fee agreement (the "Agreement") with Defendant Lucent to represent Lucent in challenging the real estate assessment of Lucent's real property located in Lisle Township, DuPage County, Illinois ("Subject Property"). (*Id*. ¶ 2.) In the Agreement, Lucent agreed to pay a contingent fee of twenty-five percent of any real estate tax savings accruing to Lucent if Plaintiffs resolved or settled the matter prior to trial. (*Id*.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

In 2010, the equalized assessed value of the Subject Property was $42,829,550, based upon the taxing authority's market valuation of $128,488,650, resulting in a 2010 real estate tax of $2,525,187. (*Id.* ¶ 6.) In 2011, the equalized assessed value of the Subject Property was $42,829,710, based upon the taxing authority's market valuation of $128,489,130. (*Id.* ¶ 7.) Lucent, pursuant to the terms of the Agreement, retained real estate appraiser Dale Kleszynski ("Kleszynski") to appraise the Subject Property for assessment years 2010 and 2011. (*Id.* ¶ 8.) Kleszynski appraised the Subject Property at a market value as of January 1, 2010 of $45,550,000, and advised that the valuation for 2011 should be "essentially unchanged from 2010." (*Id.*)

On or about April 28, 2011, Plaintiffs caused to be filed with the Illinois State Property Tax Appeal Board a Commercial Appeal for Assessment Year 2010 ("2010 PTAB Appeal"). (*Id.* ¶ 6; R. 14-1, Ex. C.) On or about November 23, 2011, Plaintiffs caused to be filed with the DuPage County Board of Review a Commercial Real Estate Assessment Appeal for the Subject Property for Assessment Year 2011. (*Id.* ¶ 7; R. 14-1, Ex. D.)

Plaintiffs, on behalf of Lucent, negotiated a comprehensive settlement ("Settlement") with the Lisle Township Assessor and the DuPage County Board of Review that included stipulation of assessments for the Subject Property for assessment years 2011, 2012, and 2013 in return for Lucent agreeing to withdraw its pending 2010 PTAB Appeal. (*Id.* ¶ 9; R. 14-2, Ex. E.) The Settlement resulted in immediate tax savings of $910,999.90 for Lucent in tax year 2011 and will result in additional tax savings of $1,015,707.70 for tax year 2012. (*Id.* ¶¶ 10-11.) Based on the current tax rates, the Settlement will also result in a tax savings of $1,078,498.70 for Lucent in tax year 2013, payable in 2014. (*Id.* ¶ 12.) Lucent approved the Settlement and has agreed to withdraw its 2010 PTAB Appeal. (*Id.* ¶ 13.)

Pursuant to the Agreement, based on the tax savings stemming from the Settlement, Lucent owes $227,749.97 in attorneys fees for the 2011 tax year. (*Id.* ¶ 14.) Plaintiffs made a demand for payment of those attorneys fees to Lucent on or about May 28, 2012. (*Id.* ¶ 15.) On or about June 7, 2012, Lucent informed Plaintiffs it would not pay the demanded $227,749.97. (*Id.* ¶ 16.) At that time, Lucent also informed Plaintiffs that, under the Agreement, it had no obligation to pay any attorneys fees for tax years 2012 and 2013. (*Id.*) Plaintiffs made another demand for payment of the $227,749.97 fee on or about June 29, 2012. (*Id.* ¶ 17; R. 1-2, Ex. G.) Lucent again refused to pay and reiterated its position that "any fee to be paid for any savings realized for the reduction in the 2011, 2012, 2013 assessments strictly speaking are not governed by the [Agreement]." (*Id.*; R. 1-2, Ex. H.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

**ANALYSIS**

Before reaching the merits of the arguments, the Court briefly addresses the scope of its review. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the pleadings, and as such, the Court's "consideration of matters outside the pleadings is not generally permitted," unless the Court converts the motion into one for summary judgment pursuant to Rule 12(d). *See Mclntyre v. McCaslin,* No. 11 C 50119, 2011 WL 6102047, at *4 (N.D. Ill. Dec. 7, 2011) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). An exception to this general rule exists where the parties present records "to which the Complaint ha[s] referred" and that are "concededly authentic," and "central" to the claims presented. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Rosenblumv. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002). Another exception includes documents that are attached to the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) ("Because the letter was attached to the complaint, it became a part of it for all purposes, and so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment.") (internal citations omitted). Additionally, courts may take judicial notice of documents filed in another court "as long as that document is offered to show what was stated to the court rather [than] for the truth of the matter asserted." *Sledge v. Bellwood Sch. Dist. 88*, No. 09–CV–4186, 2010 WL 1579920, at *4 (N.D. Ill. Apr. 20, 2010) (citing *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996)).

The Court, therefore, reviewed and considered the exhibits that Plaintiffs attached to their amended complaint, which form the basis of many of the allegations contained in the amended complaint. The Court did not consider the attachments to Plaintiffs' response because they either are not relevant to the resolution of the motions to dismiss or are not documents that the Court may consider when ruling on a Rule 12(b)(6) motion to dismiss. The Court also disregarded any new factual allegations contained in Plaintiffs' response not alleged in the amended complaint. *See, e.g., Smith v. Union Pacific R. Co.*, 474 Fed. Appx. 478, 480 (7th Cir. 2012) (finding that plaintiff "may not amend his complaint through the filing of a response brief") (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Comp.*, 631 F.3d 436, 448 (7th Cir. 2011); *Help At Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001)).

**I.      Counts I (Breach of Contract) and II (Anticipatory Breach of Contract)**

Lucent argues that Plaintiffs failed to state a claim for breach of contract or anticipatory breach because the contingency stated within the Agreement, which would have triggered the contingent fee allegedly owed by Lucent, did not occur. (Mot. at 8.) Lucent argues that the Agreement provides for a contingent fee only based on savings related to taxes paid for the 2010 tax year and that Plaintiffs failed to allege such savings. (*Id.*) Specifically, Lucent argues that the language in the Agreement tying the contingent fee to savings "on the current year's taxes" refers only to the 2010 tax year. Essentially, therefore, Lucent offers an interpretation of the contract's contingent fee provision that contradicts Plaintiffs' interpretation. Unlike Lucent, Plaintiffs interpret the contract as applying to the tax years 2011, 2012, and 2013, for which they allege specific or anticipated tax savings that they believe triggered Lucent's obligation to pay them a contingent fee. (Amend. Compl. ¶¶ 13.)

"A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). The Court, therefore, may independently examine the contract and determine whether the contract is sufficiently unambiguous that the Court may interpret the contract, as a matter of law, at this stage. *See, e.g., Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a [court] cannot properly determine on a motion to dismiss") (quoting *Quake Construction, Inc. v. Am. Airlines, Inc.*, 141 Ill. 2d 281, 288-89 152 Ill. Dec. 308, 565 N.E.2d 990 (1990)); *see also De Lage Landen Financial Services, Inc.*

*v. M.D.M. Leasing Corp.,* No. 07 C 0045, 2007 WL 4355037, at *2 (N.D. Ill. Dec. 10, 2007) ("The interpretation of an unambiguous contract is a question of law that can be decided at the motion to dismiss stage."); *see also Central States, SE & SW Areas Pension Fund v. Waste Management of Mich., Inc.*, 674 F.3d 630, 634-35 (7th Cir. 2012) ("Contract interpretation lends itself to resolution by summary judgment because the determination of whether a contract is ambiguous is a matter of law.").

The contingent fee provision of the Agreement states:

You agree that your fee will be structured as **a fee contingent on savings on the current year's taxes** in these actions as follows:

    a.    25% of such amount if the matter is settled or otherwise resolved prior to trial; or

    b.    30% of such amount if the matter is settled or otherwise resolved after trial.

(R. 1-1, Ex. A at 1 (emphasis added).)

Looking at the plain language of the Agreement in an attempt to uphold the intent of the parties, the Court finds that the Agreement is ambiguous as to the phrase "the current year's taxes." *See, e.g., MCK Millennium Centre Parking, LLC v. Cent. Parking Sys., Inc.*, No. 10 C 8295, 2012 WL 1932616, at *5-6 (N.D .Ill. May 29, 2012) ("In interpreting any contract, the court's objective is to give effect to the parties' intent.") The parties executed the Agreement on March 8, 2011. (*Id*. at 2.) Arguably, therefore, the "current year" could refer to 2011. Additionally, the plain language of the contingent fee provision refers to savings in these "actions." This language suggests that the Agreement may encompass both the 2010 PTAB Appeal and the appeal to the DuPage County Board of Review for the 2011 assessment year. (Amend. Compl. ¶¶ 6-7; R. 1.1, Exs. C and D.) Notably, without any new fee agreement, Lucent executed a Letter of Authority in 2011 authorizing Plaintiffs to obtain tax relief for the Subject Property indicating that the parties may have contemplated fees for tax-related activity in 2011 and other years. (*Id*. ¶ 5, R. 1.1, Ex. B.) Furthermore, Plaintiffs negotiated a Settlement that included stipulations for assessment years 2011, 2012, and 2013 and therefore resulted in tax savings for each of those years. (*Id*. ¶ 9.) Based upon the vagueness of the language of the Agreement, therefore, there is ambiguity regarding the meaning of the phrase "current year's taxes" as used in the Agreement. *See Curia v. Nelson,* 587 F.3d 824, 829 (7th Cir. 2009) ("The question of contract ambiguity turns largely on whether the contract language is reasonably susceptible to more than one meaning, although ambiguity may also exist where the language used is obscure in meaning through indefiniteness of expression.") (internal citations omitted). As a result, the Court cannot interpret the Agreement as a matter of law.

Because Lucent argues that Counts I and II are deficient only because Plaintiffs do not allege any tax savings in 2010 – an argument which relies on its interpretation of the ambiguous Agreement – the Court denies Defendant's motion as to Counts I and II.

## II. Count III (Unjust Enrichment)

"In Illinois, 'to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Clearly v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 137 Ill. Dec. 19, 545 N.E.2d 672, 679 (Ill.1989)). Lucent argues that Plaintiffs cannot bring a claim for unjust enrichment because they have alleged the existence of a contract, namely the Agreement, to establish their breach of contract and anticipatory breach claims. (Mot. at 4-5.) Under the federal notice pleading standards, however, a party may plead in the alternative, even though the pleadings may be inconsistent. *See Pirelli,* 631 F.3d at 448; *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006); Fed. R. Civ. P. 8(d)(2). Specifically, a party may plead breach of contract and plead for quasi-contractual relief in the alternative even though quasi-contractual relief is unavailable if a contract does exist. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Here, Plaintiffs plead their unjust enrichment claim in the alternative. (*See* Amend. Compl. at 7 ("Count III – In the Alternative to Counts I and II, Unjust Enrichment for Tax Savings in 2011, 2012, and 2013").

Moreover, based upon the ambiguity in the Agreement, as discussed above, it is possible that the Agreement does not entitle Plaintiffs to fees based on the alleged 2011, 2012, and 2013 tax savings. If the Agreement does not entitle Plaintiffs to contractual relief, as Lucent contends when disputing Counts I and II, there is no contract in existence to preclude the quasi-contractual relief Plaintiffs seek. Plaintiffs' incorporation into Count III of allegations regarding the Agreement pled in the breach of contract claim, therefore, do not undermine the viability of Plaintiffs' unjust enrichment claim. *See cf. Telefonix, Inc. v. Response Eng., Inc.,* No. 12 C 4362, 2012 WL 5499437, at *5-6 (N.D. Ill. Nov. 13, 2012) (dismissing unjust enrichment and other quasi-contractual claims that incorporated allegations from breach of contract claim that a contract existed, despite attempts to plead in the alternative). As a result, Plaintiffs have sufficiently pled an unjust enrichment claim to survive the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss Plaintiffs' amended complaint.